# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN JONES, | Civil No. 10cv2117-WQH (WMc) |
|---|---|
| Petitioner, | |
| v. | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| STATE OF CALIFORNIA, et al., | |
| Respondents. | |

Petitioner, a person confined at Atascadero State Hospital, proceeding pro se, has submitted a two-page document titled "Mental Health Harassment" which has been docketed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Petition is dismissed without prejudice.

## FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

The Petition contains no claims or factual allegations whatsoever. Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting each ground." Rule 2(c), 28 U.S.C. foll. § 2254. Here, Petitioner has violated Rule 2(c).

In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." Cf. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from

1  the face of the petition, whether further habeas corpus review is warranted. Adams v.
2  Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently
3  specific to permit the respondent to assert appropriate objections and defenses. Harris v. Allen,
4  739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition
5  prevents a respondent from being able to assert appropriate objections and defenses.

## **FAILURE TO NAME PROPER RESPONDENT**

7      In addition, review of the Petition reveals that Petitioner has failed to name a proper
8  respondent. On federal habeas, a state prisoner must name the state officer having custody of
9  him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule
10 2(a), 28 foll. U.S.C. § 2254). "Typically, this person is the warden of the facility in which the
11 petitioner is incarcerated." Federal courts lack personal jurisdiction when a habeas petition fails
12 to name a proper respondent. See id.

13     The warden is the typical respondent. However, "the rules following section 2254 do not
14 specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the
15 institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal
16 institutions.'" Id. (quoting Rule 2(a), 28 foll. U.S.C. § 2254 advisory committee's note).

17     If "a petitioner is in custody due to the state action he is challenging, '[t]he named
18 respondent shall be the state officer who has official custody of the petitioner (for example, the
19 warden of the prison).'" Id. (quoting Rule 2, 28 foll. U.S.C. § 2254 advisory committee's note).
20 However, if a "petitioner is on probation or parole, he may name his probation or parole officer
21 'and the official in charge of the parole or probation agency, or the state correctional agency, as
22 appropriate.'" Id. (quoting Rule 2, 28 foll. U.S.C. § 2254 advisory committee's note). In some
23 cases, a petitioner may name the state attorney general. Id.

24     A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]
25 habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The
26 actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v.
27 Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of
28 habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "State of California," "California Department of Corrections" and "Atascadero State Hospital," as Respondents. In order for this Court to entertain a Petition for a Writ of Habeas Corpus, Petitioner must name the warden or state officer in charge of the state correctional facility in which Petitioner is presently confined. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

### FAILURE TO USE PROPER FORM

Additionally, a Petition for a Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S. D. CAL. CIVLR HC.2(b). Presently, Petitioner has not submitted his application for a writ of habeas corpus on a court-approved form.

### CONCLUSION

Based on the foregoing, the Court **DISMISSES** this case without prejudice due to Petitioner's failure to name a proper respondent, failure to state grounds for relief in the Petition and failure to use a court-approved form. Petitioner may file a First Amended Petition no later than **December 15, 2010** in conformance with this Order. The Clerk of Court shall send Petitioner a blank Southern District of California amended petition form along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: October 27, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge