# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JONES,<br><br>　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　　　　　Respondents. | Civil No.　10cv2117-WQH (WMc)<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

On October 8, 2010, Petitioner, a person confined at Atascadero State Hospital, proceeding pro se, submitted a two-page document titled "Mental Health Harassment" which was docketed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On October 27, 2010, this Court issued an Order dismissing the case for Petitioner's failure to name a proper respondent, failure to state grounds for relief in the petition, and failure to use a court-approved form. Petitioner was instructed that to have this case reopened he had to file a First Amended Petition no later than December 15, 2010.

On November 15, 2010, Petitioner filed a First Amended Petition. For the following reasons, the First Amended Petition is dismissed without prejudice.

//

//

## FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

As before, the Petition contains no claims or factual allegations whatsoever. Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting each ground." Rule 2(c), 28 U.S.C. foll. § 2254. Here, Petitioner has violated Rule 2(c).

In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." Cf. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents a respondent from being able to assert appropriate objections and defenses.

## FAILURE TO NAME PROPER RESPONDENT

In addition, review of the Petition reveals that Petitioner has again failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 foll. U.S.C. § 2254). "Typically, this person is the warden of the facility in which the petitioner is incarcerated." Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 foll. U.S.C. § 2254 advisory committee's note).

If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 foll. U.S.C. § 2254 advisory committee's note). However, if a "petitioner is on probation or parole, he may name his probation or parole officer

'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" Id. (quoting Rule 2, 28 foll. U.S.C. § 2254 advisory committee's note). In some cases, a petitioner may name the state attorney general. Id.

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "State of California," "California Department of Corrections" and "Atascadero State Hospital," as Respondents. In order for this Court to entertain a Petition for a Writ of Habeas Corpus, Petitioner must name the warden or state officer in charge of the state correctional facility in which Petitioner is presently confined. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

**VENUE**

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Petitioner is presently confined at Atascadero State Hospital, located in San Luis Obispo County, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division. See 28 U.S.C. § 84(c)(2). Petitioner states that the state court conviction he is challenging occurred in the San Diego Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Southern District of California, and that he is challenging a conviction that occurred in the San Luis Obispo Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division. See

28 U.S.C. § 84(c)-(d). Thus, it is currently unclear whether this Court has jurisdiction in this matter. Petitioner must tell the Court where he suffered the conviction which he seeks to challenge in this matter.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997); <u>see</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997); <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 300 (10th Cir. 1994); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

  The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

//
//
//
//
//
//

## **CONCLUSION**

Based on the foregoing, the Court **DISMISSES** this case without prejudice due to Petitioner's failure to state grounds for relief in the Petition, failure to name a proper respondent, failure to demonstrate that venue is proper in this Court, and failure to allege exhaustion of state judicial remedies. Petitioner may file a Second Amended Petition no later than **December 15, 2010** in conformance with this Order. *The Clerk of Court shall send Petitioner a blank Southern District of California Second Amended Petition form along with a copy of this Order.*

**IT IS SO ORDERED.**

DATED: November 23, 2010

**WILLIAM Q. HAYES**
United States District Judge