# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JONES, | Civil No. 10cv2117-WQH (WMc) |
| Petitioner, | |
| v. | **ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** |
| STATE OF CALIFORNIA, et al., | |
| Respondents. | |

On October 8, 2010, Petitioner, a person confined at Atascadero State Hospital, proceeding pro se, submitted a two-page document titled "Mental Health Harassment" which was docketed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On October 27, 2010, this Court issued an Order dismissing the case for Petitioner's failure to name a proper respondent, failure to state grounds for relief in the petition, and failure to use a court-approved form. Petitioner was instructed that to have this case reopened he had to file a First Amended Petition no later than December 15, 2010.

On November 15, 2010, Petitioner filed a First Amended Petition. By Order dated November 23, 2010, the Court dismissed the First Amended Petition for Petitioner's failure to state grounds for relief in the petition, name a proper respondent, demonstrate venue is proper in this Court, and allege exhaustion of state judicial remedies. Petitioner was instructed that to

have this case reopened he had to file a Second Amended Petition no later than December 15, 2010. On December 1, 2010, Petitioner filed a Second Amended Petition.

In an Order dated December 14, 2010, the Court dismissed Petitioner's Second Amended Petition for his failure once again to state grounds for relief in the Petition, name a proper respondent, demonstrate venue is proper in this Court, and allege exhaustion of state judicial remedies. To reopen the case, Petitioner was advised that he must file a Third Amended Petition in conformance with the Order no later than January, 31, 2011. Petitioner was further cautioned that if the Third Amended Petition did not cure the pleading deficiencies noted in the Court's Order that it would be dismissed without prejudice but with no leave to amend. On December 29, 2010, Petitioner filed a Third Amended Petition.

For the following reasons, the Third Amended Petition is dismissed without prejudice.

### FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

Petitioner has failed to include any claims or factual allegations in the Third Amended Petition whatsoever. Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting each ground." Rule 2(c), 28 U.S.C. foll. § 2254. Here, Petitioner has violated Rule 2(c).

In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." Cf. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Third Amended Petition prevents a respondent from being able to assert appropriate objections and defenses.

//

//

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

In addition, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Nowhere on the Third Amended Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997); see <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997); <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 300 (10th Cir. 1994); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

//
//
//

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Third Amended Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

//
//
//
//
//
//

## **CONCLUSION**

Petitioner was advised in the preceding dismissal Order that if he filed a Third Amended Petition which failed to cure the deficiencies in his petition, he would be given no further opportunities to amend the present case, but would have to begin again by filing a new federal habeas petition which will be given a new civil case number. For all the foregoing reasons, the Court **DISMISSES** this case without prejudice and without leave to amend.

**IT IS SO ORDERED.**

DATED: January 12, 2011

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge